IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROY ALLEN GREEN, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0059
:
v. : (Judge McClure)
:
WARDEN BLEDSOE, :
:
    Respondent :

## **MEMORANDUM and ORDER**

April 5, 2010

Petitioner Roy Allen Green ("Petitioner" or "Green"), an inmate presently confined at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. He challenges his placement in the Special Management Unit ("SMU") at USP Lewisburg. For the reasons set forth below, the petition will be dismissed without prejudice to Green's right to pursue his claims in a properly filed civil rights action.

**I.**    **Background**

In his petition, filed on January 11, 2010, Green alleges that, on January 12, 2009, while he was an inmate at the United States Penitentiary- Victorville ("USP Victorville") in Adelanto, California, he was given notice of a hearing for referral to

the SMU that was scheduled to occur on January 14, 2009.[1] (Rec. Doc. No. 1 at 4; Ex. B, Rec. Doc. No. 1-2 at 8, Notice of Hearing.) Green states that, following the January 14 hearing, he was approved for placement into the SMU at USP Lewisburg, where he currently is confined. (Rec. Doc. No. 1 at 5-6.) He alleges that he was denied due process at the hearing and complains that his disciplinary history was improperly considered by the hearing officer in determining his appropriateness for placement in the SMU. (*Id.* at 4-6.) Green does not make any specific request for relief other than the standard request on the form he utilized for preparing his petition stating that "petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding." (*Id.* at 8.)

Service of the petition was directed by Order dated February 3, 2010. (Rec. Doc. No. 4.) On February 17, 2010, Respondent filed a response arguing that the petition should be dismissed because Green's claims pertaining to his placement in the SMU are not cognizable under 28 U.S.C. § 2241. (Rec. Doc. No. 5.) Although Green was given an opportunity to file a reply (*see* Rec. Doc. No. 4), he chose not to do so. Accordingly, the petition is ripe for disposition.

---

[1] The Notice explains that Green had been referred for a hearing before a Hearing Administrator to determine whether he should be designated to the SMU, "to provide greater management of your interaction with others." (Rec. Doc. No. 1-2 at 8.)

## II. Discussion

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542.

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Suggs v. Bureau of Prisons,* 2008 WL 2966740, at *4 (D.N.J. July 31, 2008) Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. Where a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[2] action, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, in challenging his placement in the SMU and the hearing that led to the determination that he was appropriate for SMU placement, Green is not challenging the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not

---

[2]*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

properly asserted in a § 2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens* action. *See Woodruff v. Williamson*, Civil No. 3:CV-06-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (Caputo, J.) (dismissing portion of petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *McKettrick v. Williamson*, Civil No. 4:CV-06-543, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (McClure, J.) (same). Accordingly, the petition will be dismissed without prejudice to Green's right to pursue his claims in a properly filed civil rights action.[3]

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice to Green's right to pursue his claims in a properly filed civil rights action.

2. The Clerk of Court is directed to **CLOSE** this case.

S/JAMES F. McCLURE, JR.<br>
JAMES F. McCLURE, JR.<br>
United States District Judge

---

[3] The Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

4